## LOST OR SPOLIATED WILLS.

[Circuit Court of Hamilton County.]

GIBSON v. GIBSON.[*]

Decided, January 16, 1904.

*Wills—Burden of Proof—Where Lost, Spoliated or Destroyed—Evidence, Circumstantial and Direct—Presumption.*

1. The burden is on the proponents to satisfy the court that a "lost" will was in existence and unrevoked at the time of the death of the testator.
2. The fact of the existence of the will unrevoked after the death of the testator can be established by presumption and circumstantial evidence as well as by direct evidence.
3. The word "lost," when used with reference to an alleged last will and testament in a probate proceeding, has some of the significance of "spoliated" or "destroyed."

JELKE, J.; SWING, J., and GIFFEN, J., concur.

Error to Common Pleas Court of Hamilton County.

There is a failure of sufficient proof of fact and a failure of sufficient balance of presumptions to satisfy the court that the alleged will of decedent existed unrevoked at the time of his death and was lost, spoliated or destroyed subsequent to his death.

True, a thing is lost when "it has been duly searched for and can not be found." It is then presently lost, and lost in relation to those who are searching for it. But the word "lost" here

---

[*] Affirming 1 N. P.—N. S., 552.
[*] Affirmed by Supreme Court without report, June 13, 1905.

must be given some of the signification of "spoliated" or "destroyed."

Where the time when a thing is lost bears a relation to the time of another fact, that is, the death, the word "lost" must be construed in relation to the thing itself, and must mean when the paper becomes substantially or for practical purposes non-existent. It will not do to establish the time of the loss in relation to the death by the search, and say that if vain search had been made on November 7, the will would have been lost before the death and because vain search was made on November 9, the same was lost after the death.

*Lord St. Leonard's case,* L. R., 1 Probate Div., 232, is the most apt and powerful authority · counsel for proponents can cite, but its effect is diminished by the statutes, Sections 5944 and 5947, Revised Statutes. It will not be contended that if it clearly appeared that the paper had been "lost, spoliated or destroyed" prior to the death without testator's knowledge or even against his will, it could be probated in this proceeding under these statutes.

The time when the alleged will became "lost" in relation to the death is here the cardinal issue of fact, *before* or *after,* and the burden is on proponents to "satisfy" the court.

The fact of the paper's existence subsequent to the death can, like any other fact, be established either by presumption or circumstantial evidence, as well as by direct evidence.

Evidence of decedent's unchanged intention, or rather lack of evidence of a changed intention, and of his physical disability, is circumstantial and has some probative force, but very little where the issue is "existence of the paper subsequent to the death" irrespective of intention.

Giving this circumstantial evidence weight enough to rebut the presumption of revocation, the question of the time when the paper became lost persists.

The presumption of continued existence grows weaker the longer the time elapsed since the paper was seen on November 1. The presumption is stronger that the paper became "lost" on November 7 than on November 9,

The balance is very delicate, but slightly against the probate of this alleged will. Proponents can not therefore prevail, since the burden is upon them to "satisfy" the court.

Judgment affirmed.

*Lawrence Maxwell* and *Charles P. Brown*, for the proponents. *Thomas B. Paxton* and *Thomas B. Paxton, Jr.*, contra.

---

### UNAUTHORIZED CONFESSION OF JUDGMENT BY MUNICIPALITY.